[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This summary process action was brought by the plaintiff for possession of a one family house in West Hartford, Connecticut on the ground that the defendant's right or privilege to occupy had terminated. The defendant denied all the allegations of the complaint except the paragraph alleging that she occupies the premises. In addition, she affirmatively pleads that the summons was improperly served and that the plaintiff obtained the deed to the property fraudulently.
The case proceeded to trial. Both parties appeared and were represented by counsel. The court heard testimony from both parties and a real estate agent. At the time of trial, the defendant admitted that she had been served with the Notice to Quit as alleged in the complaint and that she had been served with the writ summons and complaint by abode service on November 16, 1995.[1] The parties are father and daughter, and the premises were part of the estate of the wife and mother of the parties, Ruth F. Weiner. Ruth Weiner died on June 22, 1991. By CT Page 1430 Certificate of Devise dated December 13, 1993 (Ex. 1), the plaintiff obtained title to the premises. The defendant moved into the premises in May 1994. Beginning in early 1995, the plaintiff informed the defendant that she no longer had his permission to reside on the premises. In addition, at the time the Notice to Quit was served there was no rental agreement between the parties.[2]
C.G.S. § 47a-23(a)(3), as amended by P.A. No. 95-247, allows a landlord to bring a summary process action against one who "originally had the right or privilege to occupy such premises but such right or privilege has terminated." Prior to October 1, 1995, the statute precluded a landlord from regaining possession on this ground if there had been a rental agreement between the parties at one time. Since the Notice to Quit was served after the amendment to the statute, there is no such restriction on the plaintiff in this case. The plaintiff has proven the allegations necessary to prevail on the ground stated in C.G.S. § 47a-23(a)(3).
The defendant's affirmative defense that the deed was obtained fraudulently by the plaintiff must be proved by "clear and satisfactory" evidence, a standard more exacting than a fair preponderance of the evidence. Alaimo v. Royer, 188 Conn. 36, 39
(1982). While there was some testimony that the premises were undervalued at the time of the devise to the plaintiff, this testimony was insufficient to prove by clear and satisfactory evidence that the plaintiff had obtained his title to the premises through fraud.
Judgment of possession may enter in favor of the plaintiff and costs.
Alexandra Davis DiPentima, Judge